# UNITED STATES DISTRICT COURT
## FOR THE
## WESTERN DISTRICT OF MASSACHUSETTS

*Received*

*16*

*CA 04-30252-UA*

Name: Roger Gousse, Sr., pro se
Alien Number: A# 36 469 025
Place of Confinement: Franklin County House of Corrections, 160 Elm Street
Greenfield, Ma. 01301
United States District Court for the Western District of Massachusetts
Case Number:

Roger Gousse, Sr. pro se                                    Petitioner

                              -v-
Superintendent Byron, {Franklin County House of Corrections]; I.N.S.; D.H.S.;
Additional Respondent Attorney for the State of Connecticut        Respondents

## PETITION PURSUANT TO
## § 2254

1. Name and Location of Court:

   a. Superior Court for the State of Connecticut at Norwalk.

2. Date of Judgement of Conviction:

   a.  On Docket # CR 96-0072962S, August 13, 1998

   b.  On Docket # CR 97-0078254, Never Sentenced

3. Length of Sentences:

   a.  On Docket # CR 96-0072692S, A term of Probation, then sentenced to a

       term of 6 years w/3 suspended after 3 and 4 months consecutive for failure

       to appear.

   b.  On Docket # CR 97-0078254, none as exhibit A Cover Sheet shows, there

       was never a sentence brought forth on this docket number..

4.  Name of Offenses involved (all counts):

    a.  On Docket # CR 96-0076292S; possession of narcotics, ( 1 bag of heroin and 2 bags of weed).

    b.  On Docket # CR 97-0078254, the Petitioner was accused of a sale, with no substance listed; [w]ith no substance there can be no sale.

5.  My plea per a plea agreement was guilty on all counts by use of an Alford Plea.

6.  There was no trial as I plead guilty to all counts.

7.  There was no trial due to a plea agreement and due to such I did not testify..

8.  I have not appealed any issues from plea at this time.

9.  The Movant has filed no petitions, applications, or motions with respect to this issue in any state or federal court..

10. (d). I did not appeal to the highest state court having jurisdiction over this issue.

    (e). I did not appeal because the issue did not come up until after sentencing and I have no knowledge or experience with the law and just found out I could attempt this.

11. Ground One: (a). Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea..

The Supporting Facts in this Issue are:

    (1).  During my plea the issue became very confusing as the Court was terminating my probation [which was on docket # CR 96-0072962S], and I was to be sentenced on the charge brought forth on docket # CR

97-0078254. As can be seen on the cover sheet (1st page of exhibit A). The 96 conviction was for the possession of narcotics, one bag of heroin and two bags of weed. On the cover sheet (1st page of exhibit A) highlighted in green is the "docket number they are showing" they are saying I plead guilty to; CR 96-0072962S, and highlighted in blue is the case number I was in Court on; (page 6, lines 2 through 7 show I plead guilty to sale of a narcotic. There was no sale of narcotics or anything else in *"Docket # CR 96-0072962S"* . I was illegally sentenced to a crime that I was not in Court for according to the Docket # showing the case prosecuted, and then the prosecution says they substituted information, [how can you substitute information from one crime to the next? As you can see in (exhibit B) even the Immigration Judge was totally confused trying to figure this one out.

(a)..According to the transcript (on page 2, lines 1&2 and on page 4, lines 21-24); it shows that my probation was being terminated, and I had the probation on the '96 docket number.

(b)..On page 2, lines 8-11; it shows I plead guilty to a sale of a narcotic, of which the substance was never identified, other than on page 3, lines 7-11; where it is stated, "Told them he wanted a bag, which is a street term for heroin. "(it was actually crack cocaine, and "MIMS" can be brought into testify to this).

(c).. also on page 2, lines 9-16; it states, "the undercover went up to the

other individual who then went to another individual (Mr. Gousse) who then sold directly to the undercover." Yet on page 6, lines 2-7, the transcript claims he (Mr. Gousse) was selling through another person to the undercover. *"Which"* was it direct or through another?

(d)..It would seem one of the "MOST NECESSARY", issues to establish is the "FACT" that the issues in (b) and (c) relate directly to CR 97-0078254, "BUT", as shown twice, once on the "Cover Sheet" and once on the "CERTIFIED" transcription at the end, that this is "NOT" docket CR 97-0078254 that instead it is docket CR 96-0072962S as is "CERTIFIED" by the Court monitor/Notary Public, and by being sworn to as docket CR 96-0072962S there can be no sale because that docket number is for a possession in 1996. [T]here can be no mistake here Mr. Gousse is not guilty in the records shown here of a sale.

Ground two: (i). Denial of Effective Assistance of Counsel.

The Supporting Facts in this issue are:

(1). As can be seen and established by ground one and reading the transcript (exhibit A) my attorney failed to address the Court and see that I was correctly tried and sentenced to the crime that was alleged against me.

(2). The November 4, 1997 sentencing date I was an hour late and at recess told my attorney to get me called and he said "to late they have issued

the warrant you may as well leave, that it would do no good to show now so I left. Bondsman Mr. Wheeler is a witness to this.

12.  My grounds under 11A were not previously presented because I was unaware until the I.N.S. Judge brought the matter up that there was something wrong, and after I found out I thought it was much to late to present it. I have only found out in the last 60 days that the Court's actually are available to help.

13.  I have no petition or appeal pending in any court, either state or federal in relation to this issue.

14.  Attorney James P. Ginocchio, has been my attorney and represented me in all proceedings

15.  I was sentenced in the Superior Court for the State of Connecticut at Norwalk..

16.  I have no future sentences to serve.

**WHEREFORE,** Petitioner prays that this Honorable Court grant him the relief to which he is entitled in this proceeding.

Roger Gousse, Sr., pro se

I certify under penalty of perjury that the foregoing is true and correct.

Dec, 1st 2004
Executed On

Roger Gousse, Sr., pro se

*(1)*

*11 PAGES*

*ACTUAL CASE MY ORIGINAL COPY*

*COURT TRANSCRIPT*

*SUBTITLED INFO ON OLD DOCKET NO. 78254.*

STATE OF CONNECTICUT
: STATE OF CONNECTICUT
: STAMFORD/NORWALK J.D.
-VS- *ON ALL MY PRISON RECORDS*
: AT NORWALK

ROGER GOUSSE :

* * * * * * * * * * * * *X
*9/16/2001*

B E F O R E :

*ENTERED INTO EVIDENCE AS EXHIBIT 2.*

THE HONORABLE EDDIE RODRIGUEZ, JR., JUDGE

A P P E A R A N C E S :

        ROBERT G. HALL, JR., ESQUIRE
        SUPERVISORY ASSISTANT STATE'S ATTORNEY
            17 Belden Avenue
            Norwalk, Connecticut 06850
        ATTORNEY FOR THE STATE OF CONNECTICUT


        JAMES P. GINOCCHIO, ESQUIRE
        SUPERVISORY ASSISTANT PUBLIC DEFENDER
            17 Belden Avenue
            Norwalk, Connecticut 06850
        ATTORNEY FOR THE DEFENDANT


                                Theodore C. Setaro, Jr.
                                Court Monitor
                                Notary Public

(A)

1

MR. HALL:  I have a Roger Gousse.

Got a dispo, G?

Got a disposition, Your Honor.  It's going to entail a plea and a canvass and then a date of November the 4th for sentencing.

Is that correct, counselor?

THE CLERK:  242 and --

MR. GINOCCHIO:  Yes.  Yes, sir.

THE CLERK: (Continuing) -- following.  I need a second.

MR. HALL:  Okay.

THE COURT:  What else is new?

MR. HALL:  Mr. G., you were -- went and chatted with your client and I hate to tell you what you did when you did it.

MR. GINOCCHIO:  No.  It's really right over here.

MR. HALL:  Well, that's not where it belongs, sir.

UNIDENTIFIED PARTY:  Because I left them --

MR. HALL:  I did not touch them.  Thank you, sir.

MR. GINOCCHIO:  I'll accept an apology at a later date.

All prior pleas and elections vacated, please.

THE COURT:  So ordered.

MR. HALL:  Let me give a sub in this one, G.

2

1    I'm going to terminate the probation on those dates.

2            MR. GINOCCHIO:  All right.  Probation's been

3    term --

4            MR. HALL:  And sentence him today.  Okay?

5            MR. GINOCCHIO:  Huh-huh.

6            MR. HALL:  That way I have leverage if he

7    doesn't show up.

8            MR. HALL:  Substituted information, in Docket

9    Number 78254, Mr. Roger Gousse, to a charge of sale

10   of narcotics in violation of 21a-277, paren a, (a),

11   sir.  What is the plea, sir?

12           THE DEFENDANT:  Guilty.

13           MR. HALL:  You may -- might it be an Alford

14   Plea, Your Honor?

15           THE CLERK:  That's Line 234.

16           THE COURT:  Is there a reason why --

17           THE CLERK:  Yes, Your Honor.

18           THE COURT: (Continuing) -- this woman's here?

19           MR. GINOCCHIO:  No.  I -- I didn't -- I didn't

20   ask for that, so --

21           THE COURT:  Is she going to attempt to address

22   the Court on somethi --

23           UNIDENTIFIED WOMAN:  No.  I -- I -- I didn't --

24           THE COURT:  All right, Ma'am.

25           UNIDENTIFIED WOMAN:  I didn't --

26           THE COURT:  Would you have a seat, please?

27           UNIDENTIFIED WOMAN:  Yes.

3

1   MR. HALL: Thank you, counselor.

2   MR. GINOCCHIO: All right.

3   MR. HALL: Sub info, counsel said client

4   has entered a plea. The State will indicate the

5   following. On April the 17th of 1997 member of the

6   Special Services conducted an undercover narcotics

7   operation in Roodner Court. The defendant was in

8   there. he was observed with another individual

9   transacting narcotics. The undercover went up to

10  this other individual. Told him that he needed a

11  ?.bag, which is a street term for heroin. This

12  individual then went to another individual who is

13  known as the Cisco Kid. Cisco Kid was later

14  determined to be this defendant here who was

15  identified by the police officers. So it went from

16  [wrong order] K.E. Mims to Cisco Kid to the undercover.

17  State's recommendation is --

18  Jimmy, what are the conditions going to be to

19  stay out of the Court, too. I didn't realize we

20  might -- even court case.

21  (Whereupon, State's Attorney, defense counsel

22  and defendant confer.)

23  MR. HALL: The plea bargain is as follows, Your

24  Honor. And it's not going to down today in terms of

25  the sentencing. Six suspended after three. Three

26  years probation. Special condition of probation, he

27  will stay out of the Roodner Court area. Thank you.

4

1    THE COURT:  How about --

2    MR. HALL:  And the other files --

3    THE COURT: (Continuing) -- drug screening -- 

4    MR. HALL: (Continuing) -- will be dealt with on-

5        -

6    THE COURT: (Continuing) -- evaluation?

7    MR. HALL:  If the Court wants it.  Counsel and I

8    didn't talk it.  I'm -- if you hadn't guessed already

9    I'm not a big fan of any of that because --

10    MR. GINOCCHIO:  Well, if -- if he's --

11    MR. HALL: (Continuing) -- frankly I'm --

12    MR. GINOCCHIO: (Continuing) -- not asking for

13    Your Honor, and the Cour -- and he's being char -- he

14    was originally charged as non-drug dependant I'm -- I

15    know it is a condition that should be put on it but

16    he -- he -- he is going to be punished harshly as a

17    result of this.  He's here in a violation of

18    probation for not reporting.  I just don't want to

19    add any more conditions on it to make this impossible

20    for him to complete.

21    THE COURT:  And what do we do with the violation

22    of probation? For Posession of Narcotics 1 Bag of Heroid &
                                                2 Bags of Weed)

23    MR. HALL:  We're going to ta -- dispose of those

24    on the 4th, if he shows up. Not.

25    THE COURT:  On the 4th of --

26    MR. HALL:  November.

27    THE DEFENDANT:  Yep.

5

1    THE COURT:  All right.  Sentencing date would be

2    the 4th --

3         MR. HALL:  That is --

4         THE COURT: (Continuing) -- of November.

5         MR. HALL: (Continuing) -- correct, sir.

6         THE COURT:  That's the agreement, Mr. Ginocchi?

7         MR. GINOCCHIO:  Yes, sir.

8         MR. HALL:  It's a Tuesday, if I'm not mistaken.

9         THE COURT:  PSI is being waived?  That's

10   Election Day, Mr. Hall, I think.

11        MR. HALL:  Yes, it is.  We're aware of that.

12        THE COURT:  All right.

13        MR. GINOCCHIO:  We'll waive the PSI.  He -- he

14   understands.

15        THE COURT:  Mister -- how do I say your last

16   name, sir?

17        THE DEFENDANT:  Goose.

18        THE COURT:  Goose.

19        THE DEFENDANT:  Yes.

20        MR. HALL:  Thank you, sir.

21        THE COURT:  Mr. Gousse, you're had enough time

22   to discuss your case with Mr. Ginocchio and you're

23   satisfied with his advice?

24        THE DEFENDANT:  Yes, I am, sir.

25        THE COURT:  Do you understand the elements of

26   the offense to which you've pled guilty and the

27   penalties that apply?

6

1   THE DEFENDANT:  Yes, I am.

2   THE COURT:  Now, you've pled guilty even though

3   you don't agree with everything the prosector said

4   happened, that you conducted business under an alias

5   as the Cisco Kid.  You were selling drugs through

6   another person to an undercover.  You don't agree

7   with that.

8   THE DEFENDANT:  I have no comment to that.

9   MR. GINOCCHIO:  He doesn't agree with those

10  facts --

11  But you agree that --

12  THE COURT:  That's what I'm saying.

13  THE DEFENDANT:  Yeah.  Yes.  Yes.

14  THE COURT:  You don't agree with those facts.

15  THE DEFENDANT:  Yes.

16  THE COURT:  Do you?

17  THE DEFENDANT:  No, I don't.  No.

18  THE COURT:  No.  But you're pleading guilty

19  anyway.  Right?

20  THE DEFENDANT:  Yes.

21  THE COURT:  And you're doing so to take

22  advantage of a plea agreement that your lawyer and

23  the prosection have arrived at.  Is that right?

24  THE DEFENDANT:  Yes, sir.

25  THE COURT:  And that plea agreement is that, at

26  the time of sentencing on November 4th, you'd be

27  sentenced by the Court to six years, suspended after

7

three years, and three years probation.  Is that
right?

      THE DEFENDANT:  Yes, sir.

      THE COURT:  And special condition of your
probation would be that you stay out of Roodner
Court.  Is that correct?

      THE DEFENDANT:  Yes, sir.

      THE COURT:  Now, I didn't hear what the
agreement was on the VOP files.  I assume that you're
going to withdraw the petition?

      MR. HALL:  It's probably -- it's going to be --
it's going to be terminated at that point, Your
Honor.  It'll be back on.

      THE COURT:  All right.  So you're going to
withdraw the petitions.

      MR. HALL:  Yep.  Correct.

      THE COURT:  All right.

      MR. HALL:  Yep.

      THE COURT:  That means the State would not
prosecute you on the violation of probation file.  Do
you understand that's all part of the plea agreement?

      THE DEFENDANT:  Yes.

      THE COURT:  Now, are you under the influence of
any alcohol, drugs or medication today as you stand
before the Court?

      THE DEFENDANT:  No.  No, no.

      THE COURT:  And is anyone forcing you or

8

1   threatening you to enter this guilty plea?

2        THE DEFENDANT:  No.

3        THE COURT:  And if you're not a citizen of the

4   United States I have to advise you that this

5   conviction could result in your being deported,

6   denied naturalization or excluded from re-entering

7   into the United States.  Do you understand that?

8        THE DEFENDANT:  Yes.

9        THE COURT:  Mr. Gousse, you do understand that

10  by entering the guilty plea you also give up your

11  right to continue to plead not guilty and have a

12  trial before a judge or a jury, confront, cross

13  examine your accusers, present any defenses you may

14  wish to present, give all these rights up by entering

15  a guilty plea.  You do understand that?

16       THE DEFENDANT:  Yes.

17       THE COURT:  And your lawyer has explained to you

18  the consequences of this plea, that on November 4th,

19  by agreement, you would be sentenced.

20       THE DEFENDANT:  Agreement.

21       THE COURT:  Do you have any questions about

22  anything I've asked you?

23       THE DEFENDANT:  No, sir.

24       THE COURT:  I find a factual basis.  I find Mr.

25  Gousse to have knowingly, freely, voluntarily and

26  intelligently entered his plea with the competent and

27  the effective assistance of counsel.  Plea is

9

1  accepted, finding of guilty will enter.  The matter's

2  ordered continued for sentencing to November 4th --

3      MR. HALL:  Thank you.

4      THE COURT: (Continuing) -- in this court.

5      MR. HALL:  Thank you very much.

6      MR. GINOCCHIO:  Just for the record, there's a -

7  - provided the case of he doesn't appear in court on

8  time the Court can impose a hi -- harsher sentence,

9  that it's not in violation of a plea bargain so I

10 want him to know that.  So he -- he has to be at --

11     THE COURT:  Now, Mr. Gousse, let's be very clear

12 --

13     THE DEFENDANT:  Yeah.

14     THE COURT: (Continuing) -- about this.  Okay?

15     THE DEFENDANT:  I've asked him.  I -- I have no

16 problem at all.

17     THE COURT:  The agreement -- the -- the

18 agreement is that you appear here -- Mr. Gousse.  Mr.

19 Gousse --

20     MR. GINOCCHIO:  Listen to the Judge --

21     THE COURT: (Continuing) -- listen carefully.

22     MR. GINOCCHIO (Continuing) -- Mr. Gousse.

23     THE COURT:  The agreement is that you show up

24 when your name is called.  There are a lot of people

25 behind you.  They've been waiting here all day,

26 waiting for their case to be called.  You make sure

27 that when your name is called that you're here and

10

you respond so that you can be sentenced.  And you arrange your affairs between now and November 4th for that purpose.  That's the agreement.  You've agreed to that with the State.

THE DEFENDANT:  Yes.

THE COURT:  If you don't appear, then there would be serious consequences and you would not be able to withdraw your plea of guilty and you would be subject to additional penalties for failure to appear in court.  Do you understand?  6 MONTHS-

THE DEFENDANT:  Yes.

THE COURT:  Do you have any questions about that?

THE DEFENDANT:  No.  I promise I'll be here.

THE COURT:  All right.

MR. GINOCCHIO:  Okay.

THE COURT:  We'll see you on --

THE DEFENDANT:  Okay.

THE COURT: (Continuing) -- November 4th, sir.

MR. HALL:  Thank you, Your Honor.

MR. GINOCCHIO:  See you, Roger.

THE DEFENDANT:  Yep.

(Whereupon, the hearing was concluded.)

*          *          *

DOCKET NO. S20N-CR-96-0072962S
* * * * * * * * * * * * * *X

STATE OF CONNECTICUT      :   STATE OF CONNECTICUT

                          :   STAMFORD/NORWALK J.D.

      -VS-                :   AT NORWALK

                          :   OCTOBER 9, 1997

      ROGER GOUSSE        :

                          :
* * * * * * * * * * * * * *X

## C E R T I F I C A T I O N

This is to certify that I, THEODORE C. SETARO, JR., a Court

Monitor and Notary Public in and for the State of Connecticut,

County of Fairfield, certify that the forgoing is a true and

accurate transcription of the proceedings, taken with reference

to the above-entitled matter, heard before the Honorable Eddie

Rodriguez, Jr., Judge, at the Norwalk Superior Court, Norwalk,

Connecticut, on October 9, 1997.  I further certify that I am not

related to the parties hereto or their counsel, and that I am not

in any way interested in the event of said cause.

Dated at Norwalk, Connecticut, this 28th day of June, 2001.

                                   Theodore C. Setaro, Jr.
                                   Court Monitor
                                   Notary Public



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*   44 PAGES

I. NOS - COURT
TRANSCRIPT.

5201 Leesburg Pike, Suite 1300
Falls Church, Virginia 22041

CASE # 5 20N-CR-96-007.296.2 S

*S-GOUSSE, ROGER G.
INMATE #: 132862
INMATE HOUSING: SOM
HCC, 177 WESTON STREET, #13286
HARTFORD, CT 06120-0000

U.S. INS/HAR
450 Main St, Room 483
Hartford, CT 06103-3060

Name: *S-GOUSSE, ROGER G.                    A36-469-025

IMPORTANT PAGES 26 To 41

Type of Proceeding: Removal                  Date of this notice: 09/13/2001

Type of Appeal: Case Appeal                  Appeal filed by: INS

Date of Appeal: 08/10/2001

### NOTICE -- BRIEFING SCHEDULE

o   Enclosed is a copy of the transcript of the testimony of record.
o   Appealing party is granted until 10/15/2001 to submit a brief to the Board of
    Immigration Appeals.  The brief must be **RECEIVED** at the Board on or before this
    date.

o   Opposing party is granted until 11/15/2001 to submit a reply brief to the Board of
    Immigration Appeals .  The brief must be **RECEIVED** at the Board on or before this
    date.

**FILING INSTRUCTIONS -- In General.**

**IMPORTANT: The Board of Immigration Appeals has included two copies of this notice.
Please attach one copy of this notice to the front of your brief when you mail or deliver it to
the Board, and keep one for records.  Thank you for your cooperation.**

Your brief must be RECEIVED at the Clerk's Office at the Board of Immigration Appeals
within the prescribed time limits.  It is NOT sufficient simply to mail the brief and assume
your brief will arrive on time.  We strongly urge the use of an overnight courier service to
ensure the timely filing of your brief.

Use of an over-night courier service is strongly encouraged to ensure timely filing.

If the alien is represented by counsel at the appeal level, a Notice of Entry of Appearance as

WalkerA-DESK                                 WALKERA

36-469-025

Attorney or Representative before the Board of Immigration Appeals (Form EOIR-27) must be filed with the Board.

If you have any questions about how to file something at the Board, you should review the Board's Practice Manual and Questions and Answers at www.usdoj.gov/eoir.

Proof of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals -- including correspondence, forms, briefs, motions, and other documents. If you are the Respondent or Applicant, the "Opposing Party" is the District Counsel for the INS at the address shown above. Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them. Any submission filed with the Board without a certificate of service on the opposing party will be rejected.

Filing Address:

To send by courier or overnight delivery service, or to deliver in person:
> Board of Immigration Appeals,
> Clerk's Office,
> 5201 Leesburg Pike, Suite 1300,
> Falls Church, VA 22041

> Business hours: Monday through Friday, 8:00 a.m. to 4:30 p.m.

To mail by regular first class mail:
> Board of Immigration Appeals
> Clerk's Office
> P.O. Box 8530
> Falls Church, VA  22041.

## FILING INSTRUCTIONS -- Extension Request.

Unless you receive a Board Notice granting your extension request, your brief will remain due on the date stated above.

Extensions of briefing time will only be granted for good cause. All extension requests must be in writing. Telephonic or fax requests will not be accepted.

Extension requests must be RECEIVED at the Board on or before the expiration of the initial briefing schedule. Requests for extension of briefing time received after expiration of the initial briefing period, will not be granted.

The Board does not grant extensions for more than 21 days. If your request is granted, the brief will generally be due 21 days from the date the initial briefing schedule expires, not 21 days from the date of the request for an extension or the date of the Board response to the request. The new due date will be stated on the notice granting the extension.

The policy of the Board is that no additional extensions will be granted.

U.S. Department of Justice
Executive Office for Immigration Review
United States Immigration Court

Matter of

File A 36 469 025

|  |  |
|---|---|
| ROGER G. GOUSSE | ) |
|  | ) |
|  | ) In REMOVAL Proceedings |
|  | ) |
| Respondent | ) Transcript of Hearing |

Before ELIZA C. KLEIN, Immigration Judge

Date:  July 12, 2000          Place:  Hartford, Connecticut

Transcribed by FREE STATE REPORTING, INC., at Annapolis, Maryland

Official Interpreter:

Language:  English

Appearances:

    For the Immigration and
    Naturalization Service:

    Robert K. Bingham

    For the Respondent:

    Pro se

1    JUDGE FOR THE RECORD

2        This is the Immigration Court in Hartford, Connecticut

3    sitting at Connecticut Correction Institute, Immigration Judge

4    Eliza C. Klein presiding July 12th in the year 2000.  These are

5    removal proceedings relating to Roger Gousse, file A 36 469 025.

6    The respondent is present in Court today pro se.  Present on

7    behalf of the Immigration Naturalization Service is Robert K.

8    Bingham.  The proceedings are conducted in the English language.

9    JUDGE TO MR. GOUSSE

10       Q.   Sir, your name, please?

11       A.   Roger Gousse.

12       Q.   All right.  And, sir, the purpose of this proceeding is

13   to determine whether or not you have a right to remain here in

14   the United States.  You understand that?

15       A.   The Government has filed a document with the Court

16   dated February 3rd, in the year 2000.  It was provided to you

17   apparently on February, I think it's either the 10th or the 17th.

18   This is the Government's document stating their reasons for

19   believing that you're removable.  I just want you to look at this

20   signature.  Do you still have this document, sir?

21       A.   Yes, I do.

22       Q.   Okay.  This is Exhibit 1.  Sir, in this document the

23   Government is alleging that you are not a citizen or a national

24   of the United States, that you are a native and citizen of Haiti,

25   that you were admitted to the United States at New York,

1    September 2nd, 1978 as a permanent resident, however on  August,

2    August 13th, 1998 you were convicted in the Superior Court,

3    Norwalk, Connecticut for sale of a hallucinogen or narcotic.  But

4    accordingly you're submit to removal for having been convicted

5    after your arrival here in the United States, or after your

6    admission here in the United States of a crime which is defined

7    as an aggravated felony, that is specifically a illicit

8    trafficking in a controlled substance.  Do you understand the

9    charges?  All right, sir, you have the right to be represented by

10    an attorney in the proceedings here but the Government does not

11    provide attorneys or pay for them.  It's up to you if you want an

12    attorney to find one.  There are some agencies that do provide

13    free or low cost legal services.

14        A.    I have got one.

15        Q.    You have a copy of that list?  All right, I need to

16    give you a copy of the Court's updated listed.  It was revised in

17    March, just in case.  And do you want some time to look for an

18    attorney, sir?

19        A.    Yes.

20        Q.    All right.

21    JUDGE TO MR. BINGHAM

22        Does the Government want to submit evidence at this time,

23    Mr. Bingham?

24    MR. BINGHAM TO JUDGE

25        (Indiscernible).

A 36 469 025                        2                    July 12, 2000

1  JUDGE TO MR. GOUSSE

2      Q.  'All right, sir, the Government is putting in a

3  certified record of conviction indicating a guilty plea on August

4  13th, 1998 for sale of a hallucinogen narcotic, a six year

5  sentence, 36 months were served and then three years probation.

6  There was a second offense for which there was a four month

7  sentence consecutive, that was a failure to appear for a total of

8  40 months to be served.  And I'm marking this for identification

9  as Exhibit 2.  Now you need to review this to make sure it

10 relates to you and contains accurate information.  Sir, the

11 Government is also proffering a document, this is a business

12 record called a record of deportable alien indicating you were

13 born on June 19th, 1964 in Haiti, it doesn't specify the city,

14 indicating that you arrived in the United States and were

15 admitted as an immigrant on September 2nd, 1978, that your father

16 is a naturalized U.S. citizen and your mother died.  Do you know

17 when your father naturalized?

18      A.  I'm not real sure of that.

19      Q.  All right, you need to find out unless the Government

20 has evidence as to that fact, the date of the citizenship.  When

21 did your mother die, sir?

22      A.  In 1975.

23      Q.  All right.  It may be that upon your father's

24 naturalization you derived citizenship if you were under 18 at

25 the time which would have had to have been on or before June

A 36 469 025                          3                    July 12, 2000

1    19th, 1982. All right. ~~████████████████~~

2    MR. BINGHAM TO JUDGE

3        It was 1996, all right.

4    JUDGE TO MR. GOUSSE

5        Q.    If you're in touch with your father, sir, you just

6    might want to double check that.  Sir, I'm going to rescheduled

7    your case to a hearing on the 14th of September at 9:00 in the

8    morning.  Now you, you've taken the list.  If you're going to try

9    to find an attorney off that list you need to start calling them

10   right away.  If you wait until close to the hearing date they

11   won't be able to take your case.  They all have waiting lists.

12   Second this is is that if you don't have an attorney I will

13   expect you to be prepared to proceed without one at the next

14   hearing and means either admit or deny the allegations, tell me

15   whether the information submitted by the Immigration Service is

16   correct and relates to you.  You can raise any other issues you

17   want at that hearing but I would like to go forward and determine

18   whether you're subject to removal or not,  It's possible I can

19   give you more time to find an attorney but I'm not going to do

20   that unless you show me that you've started making efforts as of

21   today.  If I go forward and sustain this charge against you, sir,

22   it does not appear that you will be eligible for any form of

23   relief other than for protection against torture if you believe

24   you would be subjected to torture if you return to your home

25   country.  So I also want you to think about, and you have to be

A    469 026                        4                   ......

1  prepared to make a specific statement what will happen if you

2  return to Haiti.  By torture, what is meant is that you would be

3  detained and subjected to extreme either mental suffering or

4  physical pain either by or with the acquiescence of public

5  officials, either to punish you or obtain information from you or

6  somebody else.  Now I'm not asking you to make this statement

7  today but I'll telling you that seems to be the only form of

8  relief you would be eligible for because you received a sentence

9  of six years, even though most of it, or at least half of it was

10  suspended.  It's the length of the sentence you're subject to

11  whether it's imposed or not.  Okay.  So you're not eligible for

12  any for of relief based on persecution.

13  JUDGE TO MR. BINGHAM

14      All right, is there anything further, Mr. Bingham?

15  MR. BINGHAM TO JUDGE

16      No, Your Honor.

17  JUDGE FOR THE RECORD

18      All right, case is continued to the Court date of September

19  at 9:00 and that notice has been provided.

20  MR. BINGHAM TO JUDGE

21      Thank you.

22                      HEARING ADJOURNED

23

24

25

U.S. Department of Justice
Executive Office for Immigration Review
United States Immigration Court


Matter of                                          File A 36 469 025



                                    )
                                    )
ROGER G. GOUSSE                     )    In REMOVAL Proceedings
                                    )
                                    )
                 Respondent         )         Transcript of Hearing


Before ELIZA C. KLEIN, Immigration Judge


Date:  September 14, 2000        Place:  Hartford, Connecticut



Transcribed by FREE STATE REPORTING, INC., at Annapolis, Maryland



Official Interpreter:


Language:  English



Appearances:

      For the Immigration and
      Naturalization Service:        For the Respondent:

      John Marley                    Pro se

1  JUDGE FOR THE RECORD

2      Immigration Court in Hartford, Connecticut sitting at

3  Connecticut Correctional Institute, Suffield, Connecticut.

4  Immigration Judge Eliza C. Klein presiding, Thursday, September

5  14th in the year 2000.  These are continued removal proceedings

6  relating to Roger Gousse, file number 36 469 025.  The respondent

7  is present in Court today pro se.  Present on behalf of the

8  Immigration Naturalization Service is John Marley.  These

9  proceedings are conducted in English.

10  JUDGE TO MR. GOUSSE

11      Q.   Sir, what is your full name?

12      A.   Roger G. Gousse.

13      Q.   Okay, and sir, I reset your case from a hearing in July

14  to give you some time to find an attorney.

15      A.   I've been working on it but I have an attorney but he

16  hasn't came to see me yet.

17      Q.   Who's the attorney, do you know?

18      A.   (Indiscernible) from New Jersey.

19      Q.   And, all right, what I can do, sir, is I'll give you

20  one further chance and I also want the Immigration Service to

21  obtain additional evidence and to what substance you were

22  convicted of selling.  So the case will be reset to January 29th,

23  the year 2001 at 10:00.  But I do need to tell you, sir, that I

24  will expect you to be prepared to proceed.  If you don't have an

25  attorney at that time --

A 36 469 025                    6                 September 14, 2000

1      A.    I will.

2      Q.    -- I'm not going to be giving you any additional time.

3   All right.  And that's January 29th of the year 2001 at 10:00.

4   JUDGE TO MR. MARLEY

5      Mr. Marley, I do want the Government to obtain clarifying

6   evidence if possible or argument to the contrary.  All right?

7   JUDGE FOR THE RECORD

8      Case is continued.

9                    HEARING ADJOURNED

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

A 36 469 025                 7              September 14, 2000

1    JUDGE FOR THE RECORD

2        Immigration Court in Hartford, Connecticut sitting at

3    Suffield Connecticut Correctional Institute.   Immigration Judge

4    Eliza C. Klein presiding January 29th, 2001.   These are continued

5    removal proceedings relating to Roger G. Gousse, file number A 36

6    469 052.   The respondent is present in Court today pro se.

7    Present on behalf of the Immigration Naturalization Service is

8    Robert K. Bingham.   The proceedings are conducted in the English

9    language.

10   JUDGE TO MR. GOUSSE

11       Q.   Sir, your name, please?

12       A.   Roger Gousse.

13       Q.   All right, now sir, I had reset your case from a

14   hearing in September for you to find an attorney.   Were you able

15   to find one?

16       A.   Working on it.

17   JUDGE TO MR. BINGHAM  -> PROCECUTOR

18       {And Mr. Bingham, this is another case in which I need to see

19   some evidence from Immigration Service as to the nature of the

20   substance}   And were you able to locate your file?

21   JUDGE FOR THE RECORD

22       Off the record a moment.

23                            (OFF THE RECORD)

24                            (ON THE RECORD)

25   JUDGE FOR THE RECORD

A 36 469 025                    8                    January 29, 2001

U.S. Department of Justice
Executive Office for Immigration Review
United States Immigration Court

Matter of                                    File A 36 469 025


                                )
                                )
ROGER G. GOUSSE                 )    In REMOVAL Proceedings
                                )
                                )
              Respondent        )         Transcript of Hearing


Before ELIZA C. KLEIN, Immigration Judge


Date:  January 29, 2001          Place:  Hartford, Connecticut


Transcribed by FREE STATE REPORTING, INC., at Annapolis, Maryland


Official Interpreter:

Language:  English


Appearances:

      For the Immigration and
      Naturalization Service:        For the Respondent:

      Robert K. Bingham              Pro se

1       Back on the record.

2  JUDGE TO MR. GOUSSE

3       Q.   Well the Government doesn't have its file, sir, and I

4  have asked them for additional evidence in your case so I'm going

5  to reschedule it.  The next hearing date will be March 7th, 2001

6  at 9:00.  I do want you to understand, sir, that I will expect

7  you to go forward if you don't have an attorney.  The issue in

8  your case is a question of law.  The Government has already put

9  in evidence of the existence of the record of conviction, they

10 put in evidence that you were admitted as a permanent resident,

11 but I need to see evidence to what the substance was.  So, I'm

12 resetting it for that purpose but I will expect you to go through

13 the allegations with me and tell me if they're true or false.

14 And then I have to make a decision based on whether those charges

15 are true or not, whether you're removable as charged.  So right

16 now the Government is doing some extra work to get the evidence

17 in to me and you need to do your work to get an attorney.  All

18 right?  Do you have any other questions at this time?

19 JUDGE TO MR. BINGHAM

20      All right, Mr. Bingham, March 7th at 9:00.

21 MR. BINGHAM TO JUDGE

22      Thank you.

23

                    HEARING ADJOURNED

24

25

A 36 469 025                        9

                                        January 29, 2001

U.S. Department of Justice
Executive Office for Immigration Review
United States Immigration Court

Matter of

File A 36 469 025

)
)
ROGER G. GOUSSE                          )    In REMOVAL Proceedings
)
)
Respondent    )        Transcript of Hearing

Before ELIZA C. KLEIN, Immigration Judge

Date:                              Place:  Hartford, Connecticut


Transcribed by FREE STATE REPORTING, INC., at Annapolis, Maryland


Official Interpreter:

Language:  English


Appearances:

    For the Immigration and
    Naturalization Service:          For the Respondent:

    John Marley                      Pro se

1   JUDGE FOR THE RECORD

2        Immigration Court in Hartford, Connecticut sitting at

3   Connecticut Correctional Institute, Suffield, Connecticut.

4   Immigration Judge Eliza C. Klein presiding.  These are -- okay,

5   these are, I'm sorry, this is, these are continued removal

6   proceeding relating to Roger Gousse, file number 36 469 025.

7   Respondent is present here in Court today pro se.  Present on

8   behalf of the Immigration and Naturalization Service John Marley.

9   The proceedings are conducted in English.

10  JUDGE TO MR. GOUSSE

11       Q.   Sir, please state your name.

12       A.   Roger Gousse.

13       Q.   And sir, I had rescheduled your case to a hearing

14  yesterday so that you could find an attorney so the Immigration

15  Service could locate its file.  Now, first of all, have you been

16  able to find an attorney, sir?

17       A.   (Indiscernible).

18  JUDGE TO MR. MARLEY

19       Does the Government have its file?

20  MR. MARLEY TO JUDGE

21       Judge, I'm sorry, on the last case was there a reset notice?

22  JUDGE TO MR. MARLEY

23       No.

24  JUDGE TO MR. GOUSSE

25       Q.   And sir, how old were you when your father became a

A 36 469 025                        10

1  citizen?

2       A.   Try to get in touch with him like last week or

3  something.   Think I was (indiscernible).

4       Q.   Was it after you came to United States or before you

5  came to United States?

6       A.   I came in '78 (indiscernible) I'm trying to work on

7  that right now (indiscernible).

8  JUDGE TO MR. MARLEY

9       Does the Government have evidence as to when the father

10 became a citizen?   I know there are couple of issues in the case,

11 but --

12 MR. MARLEY TO JUDGE

13     (Indiscernible).

14 JUDGE TO MR. MARLEY

15     Well the, the I-213 indicates that respondent entered United

16 States as a permanent resident September 2nd, 1978, he would have

17 been 14.   And then it goes on to indicate that the father

18 naturalized to U.S. citizenship, and the mother is deceased.   So

19 I want to know --

20 MR. MARLEY TO JUDGE

21     Ordinarily, the father's (indiscernible) materials are put

22 into an alien's file.

23 JUDGE TO MR. GOUSSE

24     Q.   When did your mother die, sir?

25     A.   1975.

A 36 469 025                    11

1       Q.    1975?  So you would have been about 11 or 10?

2   MR. MARLEY TO JUDGE

3       I've got copy of visa face sheet, September 2nd, 1978.

4   (Indiscernible) 14 (indiscernible).

5   MR. MARLEY TO MR. GOUSSE

6       Q.   And your stepmother was an American citizen?

7       A.   Yes.

8   MR. MARLEY TO JUDGE

9       So the respondent has a stepmother, Judge, who is an

10  American citizen, and a father who entered the United States in

11  September 15th, 1975.

12  JUDGE TO MR. MARLEY

13      As an LPR at that time?

14  MR. MARLEY TO JUDGE

15      That's what, that's what their --

16  JUDGE TO MR. MARLEY

17      So he could have become a permanent resident in '78.  I mean

18  a citizen.

19  MR. MARLEY TO JUDGE

20      Right.  The first opponent is a legal alien resident, holder

21  of an alien registration number that entered the United States on

22  September 15th, '75.  The second opponent U.S. born American
                       1971

23  citizen born in Candle, South Carolina, September 24th, 1945.

24  JUDGE TO MR. MARLEY

25      What, what are you reading from?

A 36 469 025                          12

1  MR. MARLEY TO JUDGE

2      A deposition used to support the Immigrant visa to bring the

3  respondent over here.

4  JUDGE TO MR. MARLEY

5      But that's, what was that, that was dated prior to '78?

6  MR. MARLEY TO JUDGE

7      Right. But what I'm, what, the information it's giving me

8  though is, as to the respondent's father's status --

9  JUDGE TO MR. MARLEY

10     Right. As of --

11 MR. MARLEY TO JUDGE

12     Well --

13 MR. GOUSSE TO JUDGE

14     A.   Can I say something?

15 JUDGE TO MR. GOUSSE

16     Q.   Yes, sir.

17     A.   (Indiscernible) 1972.

18     Q.   Well the issue may be when your father became a

19 permanent resident and so the issue is really when he became a

20 citizen.

21 JUDGE TO MR. MARLEY

22     Can the Government just run a check on this if I reset the

23 case?  Please.  I mean I have the I-213 it looks like he  may

24 have derivative citizenship.  It's just the date of

25 naturalization.

A 36 469 025                          13

1  JUDGE TO MR. GOUSSE

2     Q.    All right, sir, now you're, when are you due to be

3  released?

4     A.    (Indiscernible).

5     Q.    May, May 18th?

6     A.    It's on a Saturday.

7     Q.    All right, I'm going to reschedule your case to May

8  18th, sir.  And you need to call your father.

9     A.    (Indiscernible) been trying to call him.  He works

10  (indiscernible).

11    Q.    Right.  But it's very important in your case.  You may

12  be a citizen.  All right.

13  MR. MARLEY TO JUDGE

14    Any possibility the respondent filing for citizenship

15  (indiscernible) for the Service on that?

16  JUDGE TO MR. MARLEY

17    While he's incarcerated?

18  MR. MARLEY TO JUDGE

19    I'm just thinking maybe exams --

20  JUDGE TO MR. MARLEY

21    Do you have the N400 with you, N600?

22  MR. MARLEY TO JUDGE

23    Anyone other than the trial attorney doing the work, Judge.

24  Some examiner, some investigator somewhere.

25  JUDGE TO MR. MARLEY

A 36 469 025                    14

```
 1      As long as it's not me.  You can just run a check on the

 2  computer, right?

 3  MR. MARLEY TO JUDGE

 4      Yes.

 5  JUDGE TO MR. MARLEY

 6      Well, I mean, it's just a critical issue as to the date.

 7  JUDGE TO MR. GOUSSE

 8      Q.   Now, sir --

 9  JUDGE TO MR. MARLEY

10      And what about the substance, you were going to identify

11  (indiscernible) yet?

12  MR. MARLEY TO JUDGE

13      On that issue, Judge, the Service has once again, as in

14  other related cases, having already secured yet one transcript at

15  additional Government expense, that transcript related us back to

16  yet another difference sentencing hearing at which we're now

17  attempting to secure that transcript from yet the different court

18  reporter in the State of Connecticut.  So --

19  JUDGE TO MR. MARLEY

20      All right.

21  MR. MARLEY TO JUDGE

22      -- we're still --

23  JUDGE TO MR. MARLEY

24      May 18th.

25  MR. MARLEY TO JUDGE
```

A 36 469 025                            15

1        -- still trying to locate that address.

2    JUDGE TO MR. GOUSSE

3        Q.   Sir, you'll be brought back May 18th and I hope there's

4    no snow storm, all right.

5        A.   Thank you.

6    JUDGE FOR THE RECORD

7        Hearing is continued.

8                        HEARING ADJOURNED

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

U.S. Department of Justice
Executive Office for Immigration Review
United States Immigration Court

Matter of                                   File A 36 469 025

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| ROGER G. GOUSSE | ) | In REMOVAL Proceedings |
| | ) | |
| | ) | |
| Respondent | ) | Transcript of Hearing |

Before ELIZA C. KLEIN, Immigration Judge

Date:                          Place:  Hartford, Connecticut

Transcribed by FREE STATE REPORTING, INC., at Annapolis, Maryland

Official Interpreter:

Language:  English

Appearances:

    For the Immigration and
    Naturalization Service:    For the Respondent:

    Robert K. Bingham    Pro se

1   JUDGE FOR THE RECORD

2        Immigration Court in Hartford, Connecticut sitting at

3   Connecticut Correctional Institute, Suffield County.  Immigration

4   Judge Eliza C. Klein presiding.  These are continued removal

5   proceedings relating to Roger G. Gousse, file number 36 469 025.

6   Respondent is present here in Court today pro se.  Present on

7   behalf of the Immigration Naturalization Service is Robert K.

8   Bingham.  The proceedings are conducted in English.

9   JUDGE TO MR. GOUSSE

10       Q.   Sir, your name please?

11       A.   Roger Gousse.

12       Q.   Okay.

13   JUDGE TO MR. BINGHAM

14       And the Government, I had reset the case, Mr. Bingham, for

15   the Government to obtain additional information.  This was again,

16   I think on the issue of the substance.

17   JUDGE FOR THE RECORD

18       The certified record of conviction was marked as Exhibit 2

19   for identification showing a guilty plea on August 13th, 1998.

20   Then there was a -- well, the issue in the case was what it, what

21   the record showed also.  Because there's no plea verdict or, or

22   anything else under the first charge but on the second charge.

23   And it's noted that there was a, a new plea.  Looks like there a

24   six year sentence, 36 months to serve.  And then it says four

25   months consecutive --

A 36 469 025                    17

1  MR. BINGHAM TO JUDGE

2     This is Gousse?

3  JUDGE TO MR. BINGHAM

4     I'm sorry, yes.  025.  So the question was whether the

5  record was sufficient to establish a conviction and if you have

6  any evidence as to what was the substance.  It does look like

7  there two, the sentence on the failure to appear was four months

8  consecutive which would seem to establish that there was a

9  conviction on the first ground too but it's sort of hard to

10  decipher the documents.

11  MR. BINGHAM TO JUDGE

12     For this conviction as of August '98 it, it has some

13  information on the first charge about six years execution

14  suspended after 36 months.  So it's assumed that that would be

15  the sentence imposed.

16  JUDGE TO MR. BINGHAM

17     I can't assume it.  Can't make an assumption.  Do you have a

18  transcript or do you want time to see if you can find a

19  transcript?

20  MR. BINGHAM TO JUDGE

21     I do have a transcript but I don't see where it's actually

22  very enlightening.

23  MR. GOUSSE TO JUDGE

24     A.   I have --

25  JUDGE TO MR. GOUSSE

A 36 469 025                    18

1      Q.    Hold on a second, one minute.

2    JUDGE FOR THE RECORD

3        This is actually a transcript of sentencing.  I do have a

4    transcript of the plea bargain.  There's an additional offer,

5    four month for not coming to Court, going into a plea on that.

6    All prior pleas and elections vacated on remaining files.

7    Defendant on the date of October 9th, '97 entered guilty pleas.

8    There's already a finding in this matter that was voluntary by

9    this Court.  As a matter of fact, six years suspended after three

10   years, three years probation.  Then he had a failure to appear.

11   It was a plea of guilty to a failure to appear on November 4th,

12   '97.  To begin the sentence of six years suspended after three,

13   and three years.  The plea which the Court took on October 9th

14   was for sale of narcotics, one count.

15   JUDGE TO MR. BINGHAM

16       All right, do you have copies of the transcript, Mr.

17   Bingham?

18   MR. BINGHAM TO JUDGE

19       I, I don't, Your Honor.

20   JUDGE TO MR. BINGHAM

21       All right, it goes on on page five to read that the pleas

22   are accepted, a finding of guilt will enter.  On the failure

23   charge the Court will impose a sentence to run concurrent to the

24   sale of narcotics file as follows, on the sale of narcotics the

25   plea brought forward is six years suspended after 36 months,

A 36 469 025                    19

1  three years probation.  On the failure to appear in the first

2  degree, one year suspended, five years suspended after four

3  months, three years probation, consecutive, for the total

4  effective sentence of six years suspended after 40 months, and

5  then three months of probation.  So the, the transcript does

6  appear to at least establish the existence of a conviction based

7  on a guilty plea for the sale of narcotics.  But it appears that

8  the actual plea on that was taken, this is a plea on August 13th,

9  1998 was on a October 9th, 1997 plea, which is not recorded on

10 this document.  But I'm going to run, do you have copies, Mr.

11 Bingham?  Of the transcript?

12 MR. BINGHAM TO JUDGE

13     The transcript, I'm sorry, Your Honor.

14 JUDGE TO MR. BINGHAM

15     We could perhaps take a recess and get those this morning if

16 it's possible.

17 JUDGE TO MR. GOUSSE

18     Q.   Sir, what did you want to say to the Court?

19     A.   (Indiscernible) you know, where it says failure to

20 appear, I was in (indiscernible).

21     Q.   Well, but you pleaded guilty on it, that's the thing.

22 I mean, I think basically what happened was it added four months

23 to the sentence you had to serve, for an effective date.  I mean

24 that's what the record shows.  Whether you failed to appear you

25 didn't fail to appear, you pleaded guilty to it.  Now hold on one

A 36 469 025                        20

 1  minute.  Are you contesting, sir, that you pleaded guilty to the

 2  sale of narcotics on October 9th, 1997?  It, what I need to do in

 3  your case is I'm going to take a brief recess and ask the

 4  Government attorney to make a copy of that plea agreement.  This

 5  is the plea agreement to the failure to appear.  But that

 6  incorporates your prior plea agreement to the sale of narcotics

 7  and it, it back date the Court imposed this sentence.  So I want

 8  to make sure that that's in there.  Now there's a second issue in

 9  your case which is what, what the Government does not have

10  evidence is what the substance is.

11  JUDGE TO MR. BINGHAM

12      So I'm going to need to hear from you on that point.

13  MR. BINGHAM TO JUDGE

14      I have the police report.

15  JUDGE TO MR. BINGHAM

16      I think, I don't know if I can accept the police report.  I

17  think, I've been instructed --

18  MR. BINGHAM TO JUDGE

19      Well the transcript is, see, we're left with nothing then.

20  JUDGE TO MR. BINGHAM

21      Well the issue is, what about the October 9th, 1997

22  transcript?  That, that was when he pleaded guilty to the --

23  MR. BINGHAM TO JUDGE

24      Well we have a '98 conviction though.

25  JUDGE TO MR. BINGHAM

A 36 469 025                           21

1      Right.  But he pleaded guilty, he was sentenced, see '98 is

2  the problem.  He pleaded guilty October 9th, '97, that's what

3  this, this transcript establishes.  So the two, the charge itself

4  but it doesn't specify the substance.

5  JUDGE TO MR. GOUSSE

6     Q.   So, sir, when is your release date?

7     A.   July 28th.

8     Q.   This year?

9     A.   Yes.

10  JUDGE FOR THE RECORD

11     Just go off the record for a minute.

12                 (OFF THE RECORD)

13                 (ON THE RECORD)

14  JUDGE FOR THE RECORD

15     I believe that there is sufficient evidence to establish,

16  can I just have that back for one second?

17  JUDGE TO MR. GOUSSE

18     Q.   The transcript shows that on August 13th, '98, you

19  pleaded guilty to failure to appear but it incorporates the

20  guilty plea to the sale of narcotics on October 9th, '97, but you

21  were sentenced to both, for both of those offenses on August

22  13th, '98.  But the copies need to be given to you so you have a

23  chance to review it and make sure that it's correct.

24  Additionally, my rulings in these cases is the Government has a

25  burden to establish that the substance that you were convicted of

A 36 469 025           22

1  selling is a substance listed under Section 102 of the Federal

2  Controlled Substances Act. So I'm going to continue the case to

3  see if they can get a record of the October 9th, 1997 plea

4  because most of the time the substance is specified there. If

5  they have that evidence and if, if I sustain the charge, again

6  you need to be aware that the only form of relief available to

7  you, because of the length of the sentence, is if you can

8  establish you could be tortured by the authorities in Haiti,

9  that's it. So, I want you to think carefully about whether you

10 would fear that harm and we'll discuss it at your next hearing.

11 When you're released from custody you will go in, unless the case

12 is completed, you will go in to INS custody. Just so you're

13 aware, you will not be released to the street. Now if I do not

14 sustain the charge, if I terminate the proceeding because of a

15 failure of evidence the Government has the right to appeal that

16 and I think that they will still keep you in custody if they

17 appeal it, until they get a decision. So at this point the only

18 thing you need to do is you need to be clear that if I sustain

19 the charge the form of relief to you is extremely limited. If

20 you wish to make the application I'll give you the form at this

21 time. You need to answer every question on that form and bring

22 it back with three copies on the date of your next hearing.

23 You're being, required to file it until after I make a decision

24 and I don't have the evidence yet to make a decision. I'm going

25 to give the Government one more chance. All right. You

A 36 469 025                    23

1  understand everything?

2  JUDGE TO MR. BINGHAM

3      All right, anything else from the Government at this point?

4  MR. BINGHAM TO JUDGE

5      No, Judge.

6  JUDGE TO MR. GOUSSE

7      Q.  All right, the proceedings are set to Friday, the 13th

8  of July at 9:00, sir.  All right.  Do you have any other

9  questions for me?

10     A.  The only person that can help me with my situation is

11  my father, and we don't, we're not in contact.

12     Q.  All right.  Well what I, the issue in your case

13  really, sir, I mean first of all the Government has the burden at

14  this stage.  If they meet their burden, you need to think about

15  what would, what you think would happen to you if you went back.

16  And if you -- well, you have to show you will be subjected to

17  torture, sir.  Which means that you would be held in custody or

18  detained by a government officials and that they would either

19  subject you to extreme mental pain or physical suffering, or that

20  they would acquiesce in that.  So it's a very, very difficult

21  case to meet but you'll have the opportunity to file your

22  application and then we'll discuss how to proceed.  Okay?

23  JUDGE TO MR. BINGHAM

24     All right, anything from the Government, Mr. Bingham?

25  MR. BINGHAM TO JUDGE

A 36 469 025                    24

1       No, Your Honor.

2   JUDGE FOR THE RECORD

3       Case is continued.

4                          HEARING ADJOURNED

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

U.S. Department of Justice
Executive Office for Immigration Review
United States Immigration Court

Matter of                                    File A 36 469 025

```
                              )
                              )
ROGER G. GOUSSE               )    In REMOVAL Proceedings
                              )
                              )
             Respondent       )        Transcript of Hearing
```

Before ELIZA C. KLEIN, Immigration Judge

Date:                        Place:  Hartford, Connecticut


Transcribed by FREE STATE REPORTING, INC., at Annapolis, Maryland


Official Interpreter:

Language:  English


Appearances:

        For the Immigration and
        Naturalization Service:      For the Respondent:

        John Marley                  Pro se

1  JUDGE FOR THE RECORD

2      Immigration Court in Hartford, Connecticut sitting at

3  Connecticut Correctional Institute, Suffield, Connecticut.

4  Immigration Judge Eliza C. Klein presiding.  These are continued

5  removal proceedings relating to Roger Gousse, file number 36 469

6  025.  The respondent is present in Court today pro se.  Present

7  on behalf of the Immigration and Naturalization Service is John

8  Marley.  The proceedings are conducted in English.

9  JUDGE TO MR. GOUSSE

10      Q.   Sir, your name please?

11      A.   Roger Gousse.

12      Q.   All right.  And I have requested that the Government

13  seek to obtain additional evidence, sir, in connection with your

14  case relating to what you were convicted of selling.

15  JUDGE TO MR. MARLEY

16      Does the Government have additional evidence, Mr. Marley?

17  MR. MARLEY TO JUDGE

18      Yes, Judge.  A copy of (indiscernible) provide the

19  respondent.

20  JUDGE TO MR. GOUSSE

21      Q.   Sir, the Court has been handed a transcript from

22  October 9th, 1997 indicating that you pleaded guilty, this is on

23  page two, for sale of narcotics.  There was a discussion on page

24  three relating to an incident on April 17th, 1997.  Don't see any

25  evidence of a substance being identified.

1  JUDGE TO MR. MARLEY

2      Is there, Mr. Marley?  The, on page three what it indicates

3  is the undercover went up to this other individual, told him that

4  he needed a bag, which is street term for heroin.

5  MR. MARLEY TO JUDGE

6      Right, then the bag was sold.

7  JUDGE TO MR. MARLEY

8      Is there any evidence of any drugs being, I'm just looking

9  at this it's that, the other individual went to another

10  individual who's known as the Cisco Kid which is the respondent.

11  JUDGE TO MR. GOUSSE

12      Q.   Well, sir, it appears that there is some evidence the

13  substance in question was heroin.

14      A.   Heroin?  HELL N'A

15      Q.   So what I'm going to do at this point is I'm going to

16  place you under oath and go through the other charges with you

17  and we'll discuss your relief.

18      A.   Excuse me, is this for this for what I'm serving right

19  now?

20  MR. MARLEY TO JUDGE

21      No, no.

22  JUDGE TO MR. GOUSSE

23      Q.   This conviction, the pleading you entered October 9th,

24  1997.

25  MR. MARLEY TO MR. GOUSSE

A 36 469 025                    27

1      Q.   This is for a '97 drug conviction.  You were convicted,

2  you were convicted on August 13th of '98 for sale of a narcotic

3  back in '98 --

4  JUDGE TO MR. MARLEY

5      Well actually, actually, hold on a minute.  This is October

6  9th, '97.  Does that relate to this charge?  I have a conviction

7  record, hang on a minute, conviction record relates to a docket

8  number 970078254, a different docket number.

9  MR. MARLEY TO JUDGE

10     Well I've got the '98, Judge.

11 JUDGE TO MR. MARLEY

12     I'm sorry the conviction, the transcript doesn't appear to

13 go to this case, that's the question.  Do you have another

14 transcript?  Or have another conviction?

15 MR. MARLEY TO JUDGE

16     Think I have another conviction.

17 JUDGE FOR THE RECORD

18     Well, I'm going to mark this document anyway for

19 identification as Exhibit 3, I'm sorry, Exhibit 4.

20 JUDGE TO MR. GOUSSE

21     Q.   Sir, this --

22 JUDGE TO MR. MARLEY

23     I'm sorry, Mr. Marley.

24 MR. MARLEY TO JUDGE

25     I think, I think what happened is this.  He was convicted,

```
 1   well, for Immigration purposes obviously the date we're looking

 2   is, the punishment was actually concerned, I think what happened

 3   was, Judge, '98, punishment was actually imposed but --

 4   JUDGE TO MR. MARLEY

 5        But it's got a different docket number on it.  That's what's

 6   concerning me is that the record of conviction there's a docket

 7   number CR97-0078254-S --

 8   MR. MARLEY TO JUDGE

 9        I'm sorry, 75142?

10   JUDGE TO MR. MARLEY

11        78254.  This docket number is CR2096 --

12   MR. MARLEY TO JUDGE

13        All right, then we have a different one.

14   JUDGE TO MR. MARLEY

15        -- 0072962.  I think that's a different -- understand if it

16   was a subsequent case involving a failure to appear.

17   MR. MARLEY TO JUDGE

18        I've got that.

19   JUDGE TO MR. GOUSSE

20        Q.  Sir, let me just, would you stand and raise your right

21   hand.  Sir, do you swear that any information or testimony you

22   provide the Court will be the truth, the whole truth, and nothing

23   but the truth?  Please be seated.  Sir, at a prior hearing on

24   July 12th, of last year, the Government had file a couple of

25   documents.  One was a certified record of conviction indicating
```

DOUBLE JEOPRDY

1    I guess the, if you don't have another conviction record

2  under the other docket number?  I mean, I guess what I'm mainly

3  concerned, actually one of my concerns, it's not the only concern

4  I have is, is that the, is that the docket number is different.

5    There's no conviction record for the '96 docket? → CR.97-007825 V

6  MR. MARLEY TO JUDGE

7    What, what's the docket number

8  JUDGE TO MR. MARLEY

9    96, I'm sorry, for the, for the transcript in which he

10  pleaded guilty on October 9th, '97, which the record is 96-

11  0072962S.  Actually --

12  MR. MARLEY TO JUDGE

13    And that's not referenced in the transcript?

14  JUDGE TO MR. MARLEY

15    Actually, that doesn't make any sense because that would be a

16  '96 case, but the incident occurred on April 17th, '97.

17  JUDGE TO MR. GOUSSE

18    Q.  Well this is what it appears, sir.  If I look at these

19  in combination as they are, August 13th, '98 you pleaded guilty

20  to a failure to appear in Court on time and that the sentence

21  incorporated your prior guilty plea on October 9th, '97 for sale

22  of narcotics.  Is that your recollection of what happened?  Now,

23  do you deny that the substance was heroin?

24    A.  On that -

25    Q.  Back on April 17, 1997?

A 6-4-7 025                              44

1      A.   Yes.

2      Q.   You deny that it was heroin?

3  MR. MARLEY TO JUDGE

4      So it looks as though I need a new charge and conviction

5  documents (indiscernible) --

6  JUDGE TO MR. MARLEY

7      No, I think, I think the record is sufficient based on the

8  admission of respondent as to what happened and based on the

9  second transcript which I would need a copy for the file and for

10  the respondent.  But the question is that whether this wording,

11  undercover went up to this other individual, told him that he

12  needed a bag which is street term for heroin, this individual

13  then went to another individual who was known as the cisco kid.

14  Cisco kid was later determined to be this defendant the

15  respondent.  So it went from Mans to cisco kid to the undercover.

16  the defendant was observed with another individual transacting

17  narcotics.  I don't know.  Well respondent is due to be released

18  --

19  JUDGE TO MR. GOUSSE

20      Q.   You're wrapping up on the 28th of this month, is that

21  correct?

22      A.   Exactly.  Maybe (indiscernible).

23  JUDGE TO MR. MARLEY

24      I think what I'd like to do, Mr. Marley, is issue a written

25  decision on this case and have you submit this other transcript

1  narcotics, an undercover agent went up to the other individual

2  and indicated that he needed bag which in the street

3  (indiscernible) is a term for heroin. The individual went to a

4  third individual who was determined to be the defendant and I,

5  I'm not going to dispute that there's a conviction for, for

6  transacting or, I'm sorry, for possession, for sale of

7  hallucinogen or narcotic but I do not see sufficient evidence

8  that the substance was in fact heroin or that the respondent

9  himself actually committed an act.  I mean he's convicted --

10 MR. MARLEY TO JUDGE

11     Judge, he, he was obviously a principal, I mean --

12 JUDGE TO MR. MARLEY

13     Well it's unclear, if you think it's clear to this, from

14 this, to this point satisfactory, what basically the presumption,

15 it looks like it was a, to some extent abbreviated plea here.  It

16 went, the terminology is so it went from Mans, so I'm assuming, I

17 don't know who Mans is, the other individual, to cisco kid who

18 would be the respondent, to the undercover.  I mean so --

19 MR. MARLEY TO JUDGE

20     The only purpose the transcript is being offered, Judge, is

21 to --

22 JUDGE TO MR. MARLEY

23     Show the substance.

24 MR. MARLEY TO JUDGE

25     -- show the substance.




1    just to clarify.

2    MR. MARLEY TO JUDGE

3       Well I, I'd like to submit another transcript.

4    JUDGE TO MR. MARLEY

5       It, it actually, I think, the respondent has admitted that

6    this is what happened, that the two cases were really, and I

7    think that explains further why it is that the, the way the, the

8    record is contained on the August 13th, '98 case is also in, or

9    was a little confusing to the Court because it didn't actually

10   enter a new plea on this case.

11   MR. MARLEY TO JUDGE

12      Well it was confusing --

13   JUDGE TO MR. MARLEY

14      There's really only a new plea on the second charge.

15   MR. MARLEY TO JUDGE

16      It was confusing trying to order because we asked for the

17   plea transcript for the conviction from that date and they gave

18   us the '98 transcript and they realized they were referring back

19   to a factual basis plea which was actually given back in '97.  So

20   then they went ahead and ordered the '97 transcript.

21   JUDGE TO MR. MARLEY

22      All right, so let me just, I think I'm going to render a

23   decision now.

24   JUDGE TO MR. GOUSSE

25      Q.   I'm sorry, sir, I just want you to say though, again,

I'm not going to ask for this transcript. The Government has the transcript in its hands. What happened on August 13th --

(Tape 2)

JUDGE TO MR. GOUSSE

Q. -- brought into Court because of your failure to appear as ordered by the Court on October 9th, '97 on November 4th, '97. So you were brought back in and a new sentence was issued and that happened on August 13th, '98 but the case involving the sale of hallucinogen or narcotic occurred on April 17th, '97 and that was what was discussed at this other plea on October 9th. Is that correct? So on October 9th, '97 you pleaded guilty to sale of narcotics?

A. Right.

Q. You were told to come back to Court on November 4th, '97, you failed to appear, they brought, you went back in on August 13th, '98, pleaded guilty to that failure to appear on November 4th, '97 and they reimposed the sentence on the prior omission. Is that correct?

JUDGE FOR THE RECORD

All right, so I'm going to accept the evidence. I'm going to admit Exhibit 4 as well with that notation. However, respondent has denied under oath the substance in question was heroin. The only discussion as to the substance appears on page three, a discussion of the transaction where basically the respondent was observed with another individual transacting

1    JUDGE TO MR. MARLEY

2        And the only substance is, told him that he needed a bag --

3    MR. MARLEY TO JUDGE

4        The substance is discussed -- the only substance discussed

5    is heroin, not opium (indiscernible) or anything else.

6    JUDGE TO MR. MARLEY

7        But there's no evidence that heroin was actually sold or

8    that --

9    MR. MARLEY TO JUDGE

10       Yes.  If the I.J. is considering the testimony of the

11   respondent that it was not heroin the Service would ask to be, to

12   be able to produce documents not to show and prove the burden

13   that the, the respondent is removable but rather to impeach the

14   respondent's testimony that it, that it is in fact --

15   JUDGE TO MR. MARLEY

16       What evidence would you have?

17   MR. MARLEY TO JUDGE

18       A police report.  For impeachment purposes only.

19   JUDGE TO MR. MARLEY

20       Do you have the police report?

21   MR. MARLEY TO JUDGE

22       And not substance -- I will get that for the next hearing.

23   The Service should be allowed to, to rebut the respondent's sworn

24   testimony which was just made today that the substance involved

25   was not heroin.  It's the first time the respondent has been

A 36 469 025                          39

1    placed under oath, the first time that the Service has been

2    confronted with sworn testimony from respondent on that point, we

3    seek time to rebut that.  Not to offer additional evidence to the

4    Court on the substance involved but for impeachment purposes

5    only.

6    JUDGE TO MR. MARLEY

7    .       Well.  The respondent's denial as to the substance in

8    question should not be a surprise to the Government.  I'm not,

9    I'm going to deny the Government's motion for a continuance to

10   obtain additional evidence.  In essence, the issue here is that

11   it is the Government's burden of establishing by clear and

12   convincing evidence that the respondent has been convicted of a

13   crime relating to illicit trafficking in a controlled substance

14   as defined under Section 102 of the Controlled Substance Act.

15   There is some evidence that an individual requested on April

16   17th, 1997 heroin from an individual not related to this

17   respondent, that this respondent was observed transacting

18   narcotics.  There is no evidence that this *Gousse, Roger* respondent ever

19   provided heroin to anybody.  There is no evidence as to what the

20   substance was in question, there was a request which is, is

21   detained in here as being (indiscernible) the street

22   (indiscernible) is heroin, is understood to be heroin.  There's

23   no even a request specifically for heroin.  And I don't think

24   that this meets the clear and convincing standard that's

25   required.

A 36 469 025                    40

1  MR. MARLEY TO JUDGE

2     To show what the substance involved is?

3  JUDGE TO MR. MARLEY

4     To show what the substance was, sir.  And, and I made a, you

5  know, repeated findings that, the statute in question under which

6  this respondent was convicted under the Connecticut general

7  statutes, 21(a) Section 277(a) is not (indiscernible) with a

8  Controlled Substance Act Section 102 but it contains substances

9  which are not listed.  And unless there is evidence as to the

10  substance in question I am not able to make a finding that this

11  is an offense related to illicit trafficking in such a controlled

12  substance.  The regulations promulgated by the State of

13  Connecticut further state that if there's a difference in the,

14  the substances and classifications that the Connecticut statute

15  where it treats a substance more harshly than the federal  will

16  be given weight.  So I find that the Government has failed to

17  establish it further in these proceedings and the proceedings are

18  terminated.  I'm assuming that the Government wishes to reserve

19  appeal?

20  MR. MARLEY TO JUDGE

21     That's accurate, Judge.

22  JUDGE TO MR. GOUSSE

23     Q.  Sir, I've terminated your proceedings. You need to

24  understand that the Government has the right to, to reserve

25  appeal and to appeal it and the appeal is due on August 13th,

A 36 469 025                    41

1  2001.  And I'm not sure what will happen with respect to you

2  custody status.  The Government will probably take you into

3  custody upon your release from the state facility will then

4  decision at that time.  All right, do you understand all that?

5       A.    From my release from --

6       Q.    From this facility --

7  JUDGE TO MR. MARLEY

8       And, and you can correct me if I'm wrong, Mr. Marley.

9  JUDGE TO MR. GOUSSE

10      Q.    I think you'll be released to INS custody and the INS

11  will then have to make a decision about whether they're going to

12  keep you in custody or not keep you in custody.

13  MR. MARLEY TO JUDGE

14      He'll be kept in custody and place in our detention center.

15  JUDGE TO MR. MARLEY

16      Thank you, Mr. Marley.

17  JUDGE TO MR. GOUSSE

18      Q.    Do you understand all that?  I terminated the

19  proceeding but it doesn't mean that you'll necessarily be

20  released at the close of this sentence.

21  MR. MARLEY TO JUDGE

22      And the Service will appeal.

23  JUDGE FOR THE RECORD

24      Case is continued.

25                              (OFF THE RECORD)

A 36 469 025                    42

```
 1                        (ON THE RECORD)
 2   JUDGE FOR THE RECORD
 3        Written memorandum of my decision is issuing.
 4                        HEARING CLOSED
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```



<u>CERTIFICATE PAGE</u>

I hereby certify that the attached proceeding before JUDGE ELIZA C. KLEIN, in the matter of:

ROGER G. GOUSSE

A 36 469 025

Hartford, Connecticut

is an accurate, verbatim transcript of the cassette tape as provided by the Executive Office for Immigration Review and that this is the original transcript thereof for the file of the Executive Office for Immigration Review.

Adrienne Mobley, Transcriber

Free State Reporting, Inc.
1324 Cape St. Claire Road
Annapolis, Maryland  21401
(301) 261-1902

<u>August 30, 2001</u>
(completion date)

By submission of this CERTIFICATE PAGE, the Contractor certifies that a Sony BEC/T-147, 4-channel transcriber or equivalent, as described in Section C, paragraph C.3.3.2 of the contract, was used to transcribe the Record of Proceeding shown in the above paragraph.