UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
ROGER GOUSSE, SR.,              )
             Petitioner,        )
                                )
         v.                     )   C.A. No. 04-30252-MAP
                                )
SUPERINTENDENT BYRON, ET AL., )
             Respondents        )
```

MEMORANDUM AND ORDER

For the reasons stated below, Petitioner's Application
to Proceed Without Prepayment of Fees is allowed, and the
Petition shall be summarily dismissed.

BACKGROUND

On December 16, 2004 Petitioner Roger Gousse, an
immigration detainee in custody at the Franklin County House
of Corrections, in Greenfield, Massachusetts[1], filed a
motion for leave to proceed *in forma pauperis* along with his
*pro se* petition for writ of habeas corpus pursuant to 28
U.S.C. §2254. Gousse names the Superintendent of the prison
facility, Immigration and Naturalization Service (INS), the
Department of Homeland Security (DHS) and the Attorney for

---

[1]Immigration and Customs Enforcement (ICE) has informally
advised this Court that Gousse is scheduled to be transferred
to a facility in Pennsylvania in order to be interviewed by
the Haitian Consulate, as the next step in the process of
execution of the removal order. ICE indicates it is likely
that Gousse may be scheduled for removal in the next 45 days.

the State of Connecticut, as respondents.

In his petition, Gousse seeks to challenge the validity of a drug conviction in the State of Connecticut. While not expressly stated in the petition, it appears the disputed underlying criminal conviction formed the basis for Gousse's removal, and Gousse now seeks to vacate the conviction presumably in a further attempt to avoid removal.

This is not Petitioner's first stab at challenging the validity of his conviction or the removal order. Gousse previously sought judicial review in the Second Circuit Court of Appeals, of a final Order of Removal of the Board of Immigration Appeals (BIA)[2]. The BIA ordered Gousse removed to Haiti, on the ground that his <u>Alford</u> plea to the sale of a "hallucinogen/narcotic" under Connecticut law amounted to a conviction for an aggravated felony (illicit trafficking in a controlled substance) under 8 U.S.C. §1101(a)(43)(B). <u>See</u> <u>Gousse v. Ashcroft</u>, 339 F.3rd 91, 93 (2nd Cir. 2003). In contesting that determination, Gousse's

---

[2]It is noted that Gousse failed to disclose that he filed such a petition for judicial review, and in fact indicated in his pleadings that he had not filed any petition relating to the matters at issue. In disclaiming prior actions, Gousse may have been referring to the fact that he had not filed a §2254 petition previously. Accordingly, this Court makes no determination whether such failure to disclose of the Second Circuit proceedings was inadvertent or purposeful.

2

counsel contended that the state court record did not identify which "hallucinogen/narcotic" he sold and that the Connecticut statute may have proscribed certain substances that were not "controlled substances" under federal law. <u>Id</u>. After a *de novo* review of the relevant federal and state statutes and the various narcotic substances and narcotic drugs encompassed by the statutes, the Second Circuit dismissed Gousse's petition, finding that Gousse was "convicted," despite the lack of a separate judgment by the state court[3], of a removable aggravated felony under the Immigration and Nationality Act, and therefore the Court lacked jurisdiction over the petition, pursuant to 8 U.S.C. §1252(a)(2)(C). <u>Id</u>. at 93,101.

Additionally, the instant §2254 petition in this Court appears to have been filed contemporaneously with a separate petition by Gousse pursuant to 28 U.S.C. §2255. <u>See</u> Civil Action No. 04-30251-MAP (filed December 16, 2004). On January 3, 2005 this Court entered an Order of Dismissal (Docket #2) of the §2255 case. The grounds for dismissal were twofold. First, since Gousse was not in custody pursuant to a conviction and sentence by a federal court,

_____

[3]<u>Id</u>. at 94, fn1.

3

§2255 relief was not available to him. Second, the Court
declined to construe the petition as one filed under 28
U.S.C. §2254, finding that §2254 relief was unavailable to
Gousse because he did not allege a constitutional infirmity
with respect to his custodial status under INS authority.
This Court further indicated that since Gousse was
challenging his convictions in the State of Connecticut, it
appeared that the appropriate avenue for relief would be
with the Connecticut courts. (Order of Dismissal in C.A. 04-
30251-MAP, p. 2.)

     The crux of the instant petition challenging the
underlying state conviction is not entirely clear from
Gousse's pleadings.  Gousse asserts that the dockets of his
two criminal cases allegedly do not accurately reflect the
court proceedings which took place. Gousse assertions are as
follows:

     In 1996 and 1997, Gousse was criminally charged in the
State of Connecticut at Norwalk. He claims that in the 1996
case (CR 96-0072962S) he was charged with possession of
narcotics, and that the 1997 case (CR 97-0078254) charged a
sale of narcotics, with no substance listed. (Petition ¶4a,
¶4b)(emphasis added). He alleges that he pled guilty to the
1996 case(the date of the plea is unclear) and was

subsequently sentenced on August 13, 1998 on the 1996 case.
He asserts that he received a term of probation, then was
sentenced to six years, with three years suspended after
three, and four months to be served consecutively, for
failure to appear. (Petition ¶2a, ¶3a). He claims that he
was never sentenced on CR 97-0078254. (Petition ¶3b). Gousse
claims that he did not appeal the conviction or sentence,
and only learned recently that he could challenge the issues
presented[4].(Petition, ¶10(d), ¶10(e)). His grounds for the
instant petition include ineffective assistance of counsel,
and that his plea was "unlawfully induced or not made
voluntarily with understanding of the nature of the charge
and the consequences of the plea." (Petition, ¶11). In
support of that contention, Gousse claims that during his
plea he became confused as the Court was terminating his
probation (in the 1996 case), and he was sentenced on the
charge in the 1997 case. (Petition, ¶11(1)). However, he
alleges the dockets indicate that he pled guilty to the sale
of narcotics in the 1997 case, which he denies. He states:
"I was illegally sentenced to a crime that I was not in

---

[4]It is noted however, that the problems in the state court
criminal records were raised during the immigration removal
proceedings in 2001, as reflected in the transcripts attached
to Gousse's petition.

5

Court for according to the Docket # showing the case
prosecuted, and then the prosecution says they substituted
information, [how can you substitute information from one
crime to the next? As you can see in (exhibit B) even the
Immigration Judge was totally confused trying to figure this
one out." (Petition, ¶10(1)). Another issue raised by Gousse
is that although he pled guilty to a sale of a narcotic, the
substance was never identified, except by the assertion by
the Government that the term "bag" was used, which is a
street term for heroin. (Petition, ¶10(b)).

In further support of his petition, Gousse attaches
transcripts from the state court plea colloquy as well as
transcripts of numerous hearings held before the immigration
judge with respect to removal proceedings, which took place
in or about 2001. It appears from the state court transcript
that Gousse pled guilty in 1997 to a sale of a narcotic on
April 17, 1997, and that the Court found the plea to be
knowing and voluntary, and entered a guilty plea. (See
Exhibit A, pages 7-9).

At the immigration removal hearing, the immigration
judge found, after several continuances were granted to both
Gousse and the Government, that the Government failed to
establish what the narcotic substance was.  The judge found

that she was unable to make a finding that the underlying
predicate offense was an offense related to illicit
trafficking in heroin, and therefore terminated the removal
proceedings. (Exhibit B, page 41).

The Government appealed the termination with the Board
of Immigration Appeals.  However, no information has been
provided by Gousse as to the outcome of that Appeal.

The Second Circuit has comprehensively outlined the
relevant facts and circumstances regarding the immigration
proceedings, which are lacking in Gousse's *pro se* petition.
In order to fill in the factual gaps, the facts found by the
Second Circuit are summarized in this Memorandum.

The Second Circuit found that on October 9, 1997, in
the Superior Court of the State of Connecticut in Norwalk,
Gousse pled guilty pursuant to a plea agreement to one count
of transacting in narcotics in violation of Conn. Gen.
Stat.§ 21a-277(a).  The plea entered was in accordance with
North Carolina v. Alford, 400 U.S. 25, 37 (1970).
Sentencing was set for November 4, 1997, but Gousse failed
to appear. He appeared on May 11, 1998 and counsel was
appointed for him. He was later charged for the failure to
appear. On August 13, 1998, Gousse was convicted and

sentenced for both crimes.  The record of Gousse's narcotics conviction is a Superior Court document dated August 13, 1998, which combines the criminal information filed when Gousse was charged for the failure to appear, with a sentencing form. Apparently no separate judgment of conviction was entered in the Connecticut courts. <u>Gousse</u>, 339 F.3d at 93-94.

With respect to the immigration removal proceedings, Gousse conceded that he had been convicted of selling narcotics in violation of section 21a-277(a), but denied that heroin was the narcotic sold to the undercover officer. <u>Id</u>. at 94.  The immigration judge terminated the proceedings, and INS appealed to the BIA.  On January 11, 2002, the BIA reversed the immigration judge, finding a conviction for an aggravated felony.  On May 2, 2002 the BIA granted reconsideration but again sustained INS's appeal, finding INS had proven the substance underlying the conviction was heroin. As a result, the BIA ordered Gousse to be removed to Haiti.  <u>Id</u>. at 95.

<u>ANALYSIS</u>

I.  <u>The Court May Screen This Petition</u>

Under Rule 4(b) of the Rules Governing Section 2254 Cases,

the Court is required to examine a petition, and if it "plainly appears from the face of the motion. . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal."  Rule 4(b); <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face).  A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law.  28 U.S.C. §2243; <u>Marmol v. Dubois</u>, 885 F. Supp. 444, 446 (D. Mass. 1994).


## II. Expired State Convictions Generally <br> <u>Are Not Subject to Collateral Review</u>

Under 28 U.S.C. §2254, district courts may entertain an application for habeas corpus from a petitioner who is "<u>in custody pursuant to the judgment of a state court</u> only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §2254(a) (emphasis added).  The "in custody" language of §2254 requires that a habeas petitioner be "in custody" under the conviction or sentence under attack <u>at the time petition is filed</u>.  <u>Maleng v. Cook</u>, 490 U.S. 488, 490-491 (1989). This "in custody" requirement is

9

jurisdictional. Id. at 490-91.

A petitioner is not "in custody" for purposes of establishing jurisdiction for federal post-conviction relief when he seeks to challenge a sentence that has fully expired at the time the petition is filed, even if the expired conviction has been used to enhance a sentence imposed under a subsequent conviction. See Lackawanna County Dist. Attorney. v. Coss, 532 U.S. 394, 403-404 (2001). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492. This is true even where the prisoner is detained in conjunction with removal proceedings arising from the state conviction[5]. See, e.g., Broomes v. Ashcroft, 358 F.3d 1251, 1254 (10th Cir. 2004),

---

[5]There are a few recognized exceptions to this expired state sentence rule. First, where the prior conviction was obtained in violation of the petitioner's right to counsel, and second, where there is no other channel of review available to the petitioner, through no fault of the petitioner. Additionally, where a prisoner is serving consecutive state sentences, he may attack the sentence scheduled to run first, even after it has expired, until all sentences have been served. See Lackawanna County Dist. Attorney, 532 U.S. at 402-405. See also Daniels v. U.S., 532 U.S. 374, 378 (2001). Here, Petitioner's claims do not fall within these categories.

cert. denied, 73 U.S.L.W. 3353 (Dec. 13, 2004); Neyor v. I.N.S., 155 F. Supp. 2d 127, 134 (D.N.J. 2001).  The public interest in finality of convictions underlies this doctrine. "...[E]ven after a defendant has served the full measure of his sentence, a State retains a strong interest in preserving the convictions it has obtained." Daniels v. U.S., 532 U.S. 374, 379 (2001).

Thus, to the extent that Petitioner Gousse is seeking to challenge his state court conviction, which has expired, this Court lacks jurisdiction over his claims[6].  United States v. Michaud, 901 F.2d 5, 6-7 (1st Cir. 1990) (affirming dismissal); accord Lefkowitz v. Fair, 816 F.2d 17, 19 (1st Cir. 1987) (citation omitted) (sentence that has been fully served does not satisfy the custody requirement of the habeas statute despite the collateral consequences that generally attend a criminal conviction).

III.   Habeas relief Under 28 U.S.C. §2241

In view of the above, it is clear that Petitioner cannot successfully challenge his underlying criminal conviction via a

---

[6]In light of the fact that §2254 habeas relief is not available to the Petitioner based on the expired sentence ground, the Court need not address the issue whether a §2254 habeas petition would be barred by the one year limitations period contained in §2244(d)(1).  Additionally, this Court need not address the exhaustion issues raised in §2254(b)(2).

11

§2254 habeas petition, and this case is therefore subject to dismissal. Moreover, even if this Court were to construe the current petition as a request for habeas relief under 28 U.S.C. §2241 and not §2254, this action is nevertheless subject to dismissal as a challenge to an underlying state conviction.

An immigration detainee may not use §2241 as a method to collaterally attack an expired criminal sentence. See Maleng, 490 U.S. at 490-92. (petition under §2241(c)(3) could not be used to challenge expired conviction; habeas petitioner not "in custody" and suffers no present restraint from a conviction; a contrary ruling would permit a petitioner to challenge a conviction at any time).

Further, Gousse cannot use §2241 to challenge an underlying conviction which formed the basis of a removal order, in an effort to stay his removal. Under both the former and current definitions of "conviction" in the INA,[7]

---

[7]The First Circuit has held that the new definition of "conviction" in the INA must be retroactively applied. See, e.g., Griffiths v. INS, 243 F.3d 45, 50 (1st Cir. 2001) (Congress intended for the new definition of conviction to be applied retroactively to apply to convictions entered before the date of IIRIRA's enactment); accord Moosa v. INS, 171 F.3d 994, 1007 (5th Cir. 1999) (same); Montenegro v. Ashcroft, 355 F.3d 1035, 1037 (7th Cir. 2004) (same). As discussed infra, under both the former definition of conviction and that created by the IIRIRA amendments, the pendency of post-collateral relief does not affect the finality of an alien's criminal conviction.

the existence of post-conviction habeas relief does not affect the finality of the conviction forming the basis for an alien's removal.

Prior to the enactment of IIRIRA,[8] there was no statutory definition for "conviction" in the Immigration and Nationality Act ("INA"), and a conviction generally was considered "final" for purposes of immigration law if direct appellate review of the conviction had either been waived or exhausted. White v. INS, 17 F.3d 475, 479 (1st Cir. 1994). The new definition of "conviction" codified at Section 1101(a)(48)(A),[9] left unchanged the well-settled rule that

---

[8]IIRIRA amended the definition of "conviction" by adding Section 1101(a)(48)(A). A "conviction" is now defined as a "formal judgment of guilt" of the alien entered by a court. 8 U.S.C. § 1101(a)(48)(A). The Seventh Circuit has held that IIRIRA eliminated any finality requirement for a conviction and has affirmed a district court denial of a habeas corpus challenge to a petitioner's removal where a direct appeal of the underlying conviction was still pending. Montenegro v. Ashcroft, 355 F.3d 1035, 1037 (7th Cir. 2004) (holding that IIRIRA eliminated the finality requirement for a conviction even for aliens who were found guilty before April 1, 1997).

[9]Section 1101(a)(48)(A) states:

The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where--

(i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted to sufficient facts to warrant a finding of guilt, and

the pendency of a post-conviction collateral proceeding does not affect the validity of a conviction forming the basis for removal and is not a basis for habeas relief.  See, e.g., Plummer v. Ashcroft, 258 F. Supp. 2d 43, 45 (D. Conn. 2003) (§ 2241 petition could not be used to challenge alien's underlying state conviction, nor could alien litigate the consequences of any possible future determination of invalidity of the state conviction; pending §2254 habeas petition did not affect finality of "conviction" under pre-IIRIRA or post-IIRIRA INA provisions); Montilla v. INS, 926 F.2d 162, 164 (2d Cir. 1991) (pre-IIRIRA drug conviction was considered final and a basis for deportation when appellate review of the judgment had become final).  Cf. Contreras v. Schiltgen, 122 F.3d 30, 32-33 (9th Cir. 1997) (INS not required to determine whether conviction is valid; validity of conviction could only be tested in an action against the state); Drakes v. INS, 205 F. Supp. 2d 385, 390 (M.D. Pa. 2002) (alien could not raise collateral challenge to state convictions in §2241

_____

(ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

8 U.S.C. § 1101(a)(48)(A).

petition), <u>aff'd</u>, 330 F.3d 600 (3rd Cir. 2003).

Thus, Gousse cannot maintain a §2241 habeas petition on the bases he asserts. Moreover, to the extent that Gousse is attempting to re-assert his challenge to the validity of the removal order, the Second Circuit has already spoken to this issue, finding Gousse to have been convicted of a removable aggravated felony. In any event, this Court has no jurisdiction to review the removal order. <u>See</u> 8 U.S.C. §1252.

Accordingly, §2241 habeas relief is also not available to the Petitioner to challenge either the underlying state court conviction or the immigration removal order.

IV.  <u>The Application to Proceed Without Prepayment of Fees</u>

Petitioner Gousse has demonstrated he lacks sufficient funds to pay the $5.00 filing fee for habeas corpus actions. Accordingly his Motion for Leave to Proceed *in forma pauperis* is Allowed.

<u>CONCLUSION</u>

Based upon the foregoing, it is hereby ORDERED that Petitioner's Motion for Leave to Proceed *in forma pauperis*

15

is Allowed. It is further ORDERED that the petition for habeas relief pursuant to §2254 is Dismissed, for the reasons set forth in this Memorandum and Order. To the extent Gousse seeks to raise his claims in a §2241 petition, the petition is dismissed.

SO ORDERED.


Dated at Springfield, Massachusetts, this 12th day of January, 2005.


/s/ Michael A. Ponsor
MICHAEL A. PONSOR
UNITED STATES DISTRICT JUDGE